UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


JENNIFER JONES,

        Plaintiff,                      Civil No. 08-1407-HA

        v.                             OPINION AND ORDER

COMMISSIONER of Social Security,

        Defendant.

HAGGERTY, District Judge:

      Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act (the Act). Plaintiff requests judicial review of a decision by the Commissioner of the Social Security Administration (SSA) denying her application for disability insurance benefits (DIB) and Supplemental Security Income (SSI) benefits. She seeks an order reversing the Commissioner's decision and remanding this case for further proceedings or for an award of benefits. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

1   - OPINION AND ORDER

After reviewing the record of this case and evaluating counsel's arguments, this court concludes that this action must be remanded for additional administrative proceedings. These proceedings shall address plaintiff's medical evaluations, functional assessments, and whether plaintiff can perform work existing in significant numbers in the national economy.

## ADMINISTRATIVE HISTORY

Plaintiff protectively filed her applications for DIB and SSI benefits in March 2003, alleging disability since October 14, 2002. Tr. 12.[1] Plaintiff's applications were denied initially and upon reconsideration. An administrative law judge (ALJ) conducted a hearing on November 20, 2006, and subsequently issued a decision on February 23, 2007, finding that plaintiff could return to past relevant work as a data entry clerk. Tr. 9-23. The Appeals Council denied review, rendering the ALJ's conclusions the Commissioner's final decision for purposes of obtaining this judicial review.

## FACTUAL BACKGROUND

Plaintiff was forty-five years old on the alleged disability onset date, defining her as a younger individual for purposes of SSA's evaluation. She has at least a high school education, and her past relevant work experience includes work as a caregiver. Tr. 649-51. Relevant details about plaintiff's medical conditions and other facts are provided below.

## STANDARDS

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable

---

[1] Citations beginning with "Tr." refer to pages in the official transcript of the administrative record filed with the Commissioner's Answer.

2  - OPINION AND ORDER

physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability. 20 C.F.R. §§ 404.1520, 416.920; *see also Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to step two and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If at least one of the claimant's impairments is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA. *See* 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings).

The Listings describe, for each of the major body systems, impairments which qualify as severe enough to be construed as *per se* disabling. 20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed to be disabled.

3  - OPINION AND ORDER

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's residual functional capacity (RFC), which is the most an individual could do in a work setting despite the total limiting effects of all the claimant's impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) and Social Security Ruling (SSR) 96-8p.

Then the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability. *Tackett*, 180 F.3d at 1098.

However, in step five, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Hoopai*, 499 F.3d at 1074-75 (citations omitted).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. *See* 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097-98 (citations omitted); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citations omitted). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citations and quotations omitted). This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted).

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted). The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citations omitted). A decision to deny benefits may be set aside only if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Benton*, 331 F.3d at 1035.

## SUMMARY OF THE ALJ'S FINDINGS

At step one of the sequential analysis, the ALJ found that plaintiff briefly engaged in SGA after her alleged disability onset date, but was not working presently. Tr. 14. Counsel appear to dispute which party bears the primary responsibility for establishing that a claimant has

not engaged in SGA. Plainly, the claimant has the burden of proof as to step one (as well as steps two through four). *Tackett*, 180 F.3d at 1098. However, if the ALJ extrapolates from evidence of indeterminate payments made to plaintiff that she engaged in SGA, the ALJ should present such conclusions to plaintiff and – with counsel – assist in achieving an accurate portrayal of plaintiff's SGA. The court is confident that this matter will be resolved fairly upon remand.

At step two, the ALJ found that plaintiff suffered severe impairments including rheumatoid arthritis, degenerative disc disease of the cervical spine, peripheral neuropathy, and mild degenerative joint disease of the knees. Tr. 15. Plaintiff's argument that the ALJ failed to also address plaintiff's lumbar spine degenerative disc disease, her arachnoiditis, her cervical dystonia, or her cervical myofascial syndrome at step two is discussed below.

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled any of the impairments in the Listings of Impairments. Tr. 16. Plaintiff's contention that her combined impairments are medically equivalent to Listing 1.04B and/or that they meet or equal Listings 12.04 and 12.08 is discussed below.

> At step four, the ALJ found that plaintiff retained the following RFC:
> [T]he claimant has the residual functional capacity to perform a wide range of sedentary work. She is limited to occasional climbing, balancing, stooping, kneeling, crouching, crawling, only occasional overhead reaching and due to medications to concentrated hazards.

Tr. 16. Plaintiff also disputes the ALJ's RFC finding.

At step five, the ALJ found that plaintiff was not disabled because she could perform two semiskilled occupations, telephone Answering Service Operator and Dispatcher. Tr. 674-75.

The ALJ did not find that plaintiff had transferable work skills.  Accordingly, the ALJ concluded that plaintiff was not eligible for DIB or SSI benefits.

## QUESTION PRESENTED

Plaintiff contends that this court should reverse the Commissioner's final decision and remand this action.  Primarily, plaintiff alleges that: (1) the ALJ erred at step two by failing to discuss plaintiff's lumbar spine degenerative disc disease, her arachnoiditis, her cervical dystonia, or her cervical myofascial syndrome, and by inadequately evaluating her mental impairments; and (2) the ALJ erred at step three by failing to conclude that plaintiff's impairments met or equaled at least four listed impairments.  Plaintiff also argues that the ALJ erred in rejecting medical opinions and discounting plaintiff's testimony and lay testimony.

## DISCUSSION

### 1. Step two analysis

At step two, the ALJ found that plaintiff:

has the following severe impairments: rheumatoid arthritis (with drug seeking behavior), degenerative disc disease of the cervical spine, peripheral neuropathy and a mild degenerative joint disease of the knees.  She also has a diagnosis of asthma, mild anemia and depression which are nonsevere conditions (20 CFR 404.1520(c) and 416.920(c)).

Tr. 15.

Plaintiff argues that the ALJ erred in failing to address plaintiff's severe lumbar spine degenerative disc disease, severe arachnoiditis, cervical dystonia, and cervical myofascial syndrome.  Defendant responds that the ALJ "noted" plaintiff's "history of cervical disk disease" and acknowledges that plaintiff was diagnosed with archnoiditis, but concludes merely that the ALJ's findings regarding the severity of plaintiff's impairments were proper.  Dft.'s Brief at 6.

7  - OPINION AND ORDER

Plaintiff underwent "an anterior spinal decompression with diskectomy, osteophytectomy, and foraminotomy at C6-7 with application of a 12 mm BAK cervical cage" in 2001. Pl.s Opening Brief at 2 (citation omitted). Two years later, the performing surgeon determined that plaintiff suffered "cervical pain secondary to cervical dystonia and cervical myofascial syndrome; post-laminectomy syndrome and arachnoiditis; and she was status-post C6-7 fusion." *Id.* at 3 (citing Tr. 250). Seven months later the surgeon diagnosed chronic pain syndrome due to post-laminectomy syndrome, degenerative joint disease, and rheumatoid arthritis. Tr. 246.

Relatedly, in July 2004, Dr. Rudy Greene assessed degenerative joint disease of plaintiff's knees, noting that X-rays showed mild medial joint space narrowing. Tr. 618. In November 2005, Dr. Greene included probable cervical spondylosis and lumbar spondylosis in his assessment of plaintiff's impairments. Tr. 562. In March 2006, Dr. Greene opined that plaintiff's cervical and lumbar spondylosis could be a source of some of her leg cramping, although he was uncertain of the etiology. Tr. 554.

After examining the record, this court agrees that a greater analysis of plaintiff's possible lumbar spine degenerative disc disease, and her arachnoiditis, cervical dystonia, and cervical myofascial syndrome is necessary. While the ALJ's discussion of these alleged impairments was limited, plaintiff's efforts to present sufficient medical evidence establishing the severity of these alleged impairments have been insufficient, as well. Because a remand is warranted on other grounds, both parties are advised to address the extent of plaintiff's lumbar spine degenerative disc disease, arachnoiditis, cervical dystonia, and cervical myofascial syndrome.

Plaintiff also argues that at step two, the ALJ erred in evaluating plaintiff's mental impairments. Regarding mental illness, the ALJ concluded that plaintiff:

> has no diagnosis of mental illness. Her intermittent, mild depressive symptoms represent a non-severe mental condition. She [has] no mental limitations to her activities of daily living. She has no difficulties in maintaining social functioning. * * * She has no difficulties in maintaining concentration persistence or pace from a mental health perspective. She has had no episodes of decompensation. [Plaintiff's] mental condition of depression is non-severe (Exhibit 2F).

Tr. 16.

Defendant summarizes a psychological evaluation of plaintiff performed by Michael Villanueva, Psy.D., in December 2004, in which plaintiff was diagnosed with a "pain disorder with medical and psychological features and personality features marked by histrionic traits." Defendant asserts that the pain disorder caused no functional limitations "except that social activities were reported to be moderately affected." Dft.'s Brief at 6 (citing Tr. 489-492).

More accurately, however, Dr. Villanueva noted that plaintiff was "moderately affected" in social activities, and suffered recent severe pain that was "extremely limiting in day to day activities" Tr. 491-92. This limitation appears to have been overlooked by the ALJ. This court concludes that plaintiff's possible mental impairments were insufficiently considered by the ALJ.

Upon remand, defendant should consider SSA techniques for evaluating possible mental disorders, including demonstrating the claimant's history, addressing examination and laboratory findings, identifying the functional limitations considered in evaluating the severity of any mental impairments, and providing specific findings as to the degrees of limitation. *See* 20 C.F.R. § 404.1520(a)(e)(2).

### 2. Step three analysis

9 - OPINION AND ORDER

Plaintiff also contends that the ALJ's "conclusory step-three 'evaluation of the evidence'" overlooked the elements of Listing 1.04B governing arachnoiditis and ignored plaintiff's mental impairments, rheumatoid arthritis, peripheral neuropathy, anemia, cervical spondylosis, cervical dystonia, cervical myofascial syndrome, and her degenerative disc disease. Pl.'s Reply at 6. This court agrees that regardless of whether the ALJ correctly determined that many of plaintiff's impairments were non-severe, the ALJ nevertheless was required to consider the effects of these impairments in combination with plaintiff's other severe impairments. 20 C.F.R. § 404.1545(e).

Defendant responds that an ALJ "is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." Dft.'s Brief at 9 (quoting *Burch*, 400 F.3d at 683). Because plaintiff presented evidence in an effort to establish equivalence, however, the ALJ was required to provide a more detailed discussion as to whether plaintiff's condition met a Listing. The evidence presented – including medical documentation, lay testimony, and testimony from plaintiff – raised legitimate issues concerning whether plaintiff's combined impairments from her severe and non-severe impairments are not at least equal to Listings 1.04B, 11.14, 12.04, 12.07, 12.08, and 14.09. Accordingly, the step three analysis was insufficient and compels remand of this action for further proceedings.

### 3. Remand

Plaintiff's other arguments have been considered. Because the challenges to the ALJ's evaluation of medical opinions and to the weight given to testimony from plaintiff can best be resolved in additional proceedings, those arguments are not addressed further here. Because the errors committed by the ALJ at steps two and three regarding proper evaluation of plaintiff's

impairments are not harmless, remand of this action is necessary. A court may remand a Social Security disability case under either sentence four or sentence six of 42 U.S.C. § 405(g). *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 605 (9th Cir. 2007). The issues presented here compel a remand under sentence four. The decision whether to remand under sentence four for further proceedings or for the immediate payment of benefits is within the discretion of the court. *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004). "[A] remand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits." *Holohan*, 246 F.3d at 1210.

In this matter, this court concludes that outstanding issues remain that must be resolved before a determination of disability can be made. Further proceedings will be useful, and I exercise the discretion of the court to remand this case for additional administrative proceedings that address plaintiff's physical and mental impairments, her functional assessments, and whether plaintiff can perform work existing in significant numbers in the national economy. The parties may revisit the issue of plaintiff's SGA, if any, after the alleged onset date, plaintiff's RFC, and the severity of plaintiff's impairments.

## **CONCLUSION**

This court concludes that the decision of the Commissioner regarding Jennifer Jones must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this Order and the parameters provided herein.

IT IS SO ORDERED.

DATED this   10   day of March, 2010.

                                                 /s/ ANCER L. HAGGERTY

                                                       ANCER L. HAGGERTY  
                                                     United States District Judge

12 - OPINION AND ORDER